UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | |
|---|---|
| FOSTER BATES, | ) |
| | ) |
|     Petitioner, | ) |
| | ) |
| v. | ) Civil No. 9-6-B-W |
| | ) |
| STATE OF MAINE, | ) |
| | ) |
|     Respondent. | ) |

**ORDER TO CLARIFY THE RECORD**

Foster Bates has filed a petition pursuant to 28 U.S.C. § 2254 seeking to set aside his 2002 convictions for murder and gross sexual assault. On page 13 of his petition Bates indicates that he currently has an appeal pending from a March 5, 2008, order of the Maine Superior Court regarding an issue related to post-conviction DNA testing. (Habeas Pet., ¶ 15, p. 13). At least one of the grounds of Bates's petition raises an issue regarding DNA testing and thus it appears, at least as to that ground, that Bates has not fully exhausted his state court remedies. It may well be that other grounds raised by this petition are fully exhausted.

The AEDPA directs that habeas relief "shall not be granted unless it appears that the applicant has exhausted the remedies available in the courts of the State." 28 U.S.C. § 2254(b)(1)(A). This exhaustion requirement codified preexisting law. The Supreme Court has long maintained "that as a matter of comity, federal courts should not consider a claim in a habeas corpus petition until after the state courts have had an opportunity to act." Rose v. Lundy, 455 U.S. 509, 515 (1982) (discussing Ex parte Royall, 117 U.S. 241, 251 (1886)). This means that Bates must "have presented both the factual and legal underpinnings of his claim to the state courts in order for us to find it exhausted." Nadworny v. Fair, 872 F.2d 1093, 1096 (1st

Cir.1989). A failure to exhaust ordinarily is "fatal" to the prosecution of a habeas petition. Martens v. Shannon, 836 F.2d 715, 717 (1st Cir.1988).

It also follows under the AEDPA that there is a strict one-year statute of limitation from "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review." 28 U.S.C. § 2244(d)(1)(A). However, the one-year limitation is subject to a tolling provision which provides that the time during which a properly filed application for state post-conviction or *other collateral review* is pending does not count toward any period of limitation. It appears from the face of the petition that Bates's conviction became final on October 6, 2003, when the United States Supreme Court denied his petition for certiorari. (Habeas Pet., ¶ 9, (h)(3), p. 4.) It also appears that on August 29, 2003, Bates filed a state post-conviction petition (Habeas Pet., ¶ 11, (a)(3), p. 4) which was denied on September 11, 2008, (Habeas Pet., ¶ 11, (b)(8)), resulting in the entire period being subject to the tolling provision. It is unclear when Bates filed the motion to conduct post-conviction DNA testing that is currently pending on appeal, but the Superior Court order from which the appeal was taken was entered on March 5, 2008 (Habeas Pet., ¶ 15, p. 13).

If either party disagrees with my understanding of the procedural history they should respond to this order by January 26, 2009, and provide the necessary corrections. It also appears that the earliest the one-year statute of limitation may have begun running is September 11, 2008. It is currently not possible for me to ascertain when the Motion for Post-Conviction DNA Testing was filed and whether or not the State agrees that the limitation period is currently tolled because that motion is a properly filed motion within the meaning of § 2244. Therefore, the State of Maine shall clarify those two issues for the Court by January 26, 2009, in order for me to determine whether this petition should be dismissed without prejudice, stayed pending decision

on the post-conviction motion for testing, or whether the State of Maine should be ordered to answer or otherwise respond to the petition at the present time.

*So Ordered.*

January 9, 2009               /s/ Margaret J. Kravchuk
                              U.S. Magistrate Judge