UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | |
|---|---|
| FOSTER BATES, | ) |
|     Petitioner, | ) ) ) |
| v. | ) Civil No. 9-6-B-W ) |
| STATE OF MAINE, | ) ) |
|     Respondent. | ) |

**RECOMMENDED DECISION**

Foster Bates has filed a petition pursuant to 28 U.S.C. § 2254 seeking to vacate his state convictions for murder and gross sexual assault. My review of his recently filed petition revealed that he still had some sort of post-conviction proceeding pending in the state court. I issued an order for the State of Maine to clarify the record. (See Doc. No. 2.) The State promptly responded to my order, clarifying two essential points. First, Bates has a currently pending post-conviction DNA motion in Cumberland County Superior Court and the DNA testing itself is still ongoing at the present time. Second, the State has conceded in its status report that the motions filed by Bates are "properly filed" motions under State law. These motions have been pending since the time Bates's conviction became final and therefore the one-year federal statute of limitations has not yet begun to run due to the tolling provision found in 28 U.S.C. § 2244(d)(2). It appears that under Rule 4 of the Rules Governing Section 2254 Cases that Bates would not be entitled to any relief in this Court, at least as to his DNA claim, because he has not exhausted his available remedies in the state courts within the meaning of 28 U.S.C. § 2254(b)(1)(A). Bates would have to fully exhaust the pending DNA motion both in the Superior Court and in an appeal to the Maine Law Court before it would be ripe for this Court's consideration. Unless the State of Maine expressly waives the exhaustion requirement in a

written objection to this recommended decision, (See 28 U.S.C. § 2254 (b)(3)), it is my recommendation that the Court dismiss this petition without prejudice to Bates's right to renew all of his claims in one comprehensive petition when he has fully exhausted his state court remedies.  The only alternative would be for this Court to consider those claims that are already exhausted in the state court and dismiss the DNA claim as an unexhausted claim.  However, if the Court proceeded in that fashion, if Bates failed to prevail on his DNA claim in state court, any federal challenge would then be a second and successive habeas petition subject to the procedural and substantive hurdles set forth in 28 U.S.C. § 2244.  Thus it is in Bates's own interest for this Court to dismiss the current petition without prejudice to Bates's right to bring a new petition when all of his state post-conviction remedies have been fully exhausted.

## Conclusion

Based upon the foregoing I recommend the Court summarily dismiss this petition without prejudice.

## NOTICE

A party may file objections to those specified portions of a magistrate judge's report or proposed findings or recommended decisions entered pursuant to 28 U.S.C. § 636(b)(1)(B) for which *de novo* review by the district court is sought, together with a supporting memorandum, within ten (10) days of being served with a copy thereof.  A responsive memorandum shall be filed within ten (10) days after the filing of the objection.

Failure to file a timely objection shall constitute a waiver of the right to *de novo* review by the district court and to appeal the district court's order.

/s/ Margaret J. Kravchuk
U.S. Magistrate Judge

January 14, 2009